UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC VERSEN,
Individually and on behalf
of similarly situated persons,

        Case No.

    Plaintiff,

vs.        Hon.

DETROIT POLICE OFFICERS
WOODS AND GREENO
in their individual capacities
and THE CITY OF DETROIT,
Jointly and Severally,

    Defendants.
_____

ERNST CHARARA & LOVELL, PLC
Kevin Ernst (P44223)
Stephen Lovell (P80921)
Counsel for Plaintiff
645 Griswold, Suite 4100
Detroit, Michigan 48226
(313) 965-5555
kevin@ecllawfirm.com
stephen@ecllawfirm.com

_____/

**CLASS ACTION COMPLAINT FOR DAMAGES,
DECLARATORY JUDGMENT AND JURY DEMAND**

# CLASS ACTION COMPLAINT FOR DAMAGES AND DECLARATORY JUDGMENT

Plaintiff, through counsel, on behalf of himself and similarly situated individuals, states as follows in support of his complaint:

## VENUE AND JURISDICTION

1. Plaintiff was at all times relevant hereto, a citizen of the United States and State of Michigan residing in the Eastern District of Michigan.

2. The cause of action arose in the City of Detroit, Michigan, in the Eastern District of Michigan.

3. The City of Detroit is a municipal corporation and political subdivision of the State of Michigan.

4. Defendant JEREMY WOODS was at all times relevant hereto a Detroit Police Officer acting under color of state law, and pursuant to the policies, practices, customs, and usages of the Detroit Police Department and is being sued in his individual capacity.

5. Defendant JANA GREENO was at all times relevant hereto a Detroit official acting under color of state law, and pursuant to the policies, practices, customs, and usages of the Detroit Police Department and is being sued in his/her individual capacity.

6. The federal claims brought herein are cognizable under the United States Constitution and 42 U.S.C. §1983. Accordingly, jurisdiction is conferred by 28 USC § 1331 as this matter involves a federal question.

## FACTUAL ALLEGATIONS

7. Defendants Woods and Greeno alleged that on May 21, 2021, Plaintiff used his work van to place a couch in an empty lot in the City of Detroit.

8. Three days later, on May 24, 2021, Defendant Woods seized Plaintiff's work van without a warrant or other process although it was legally parked in front of Plaintiff's home, currently registered and had valid plates.

9. Defendant left behind his business card with instructions written on the back directing Plaintiff to give him a call.

10. Plaintiff called Defendant Woods who informed him that his van was impounded because it had been observed on video surveillance operating in the commission of a blight violation, contrary to the Detroit ordinance prohibiting blight, a civil infraction, and that his work van would not be returned until he paid the fine for the alleged blight violation.

11. Plaintiff and other similarly situated individuals have a compelling property interest in their vehicles for the purposes of the Fourteenth Amendment.

12. Plaintiff received no other notice about how to regain possession of his vehicle and was not otherwise informed that if he was found not responsible, his vehicle would be returned without payment of any costs.

13. When asked whether he had a warrant for the seizure, Defendant Woods said no warrant was required and that it was an established practice of the City of Detroit to seize vehicles without a warrant whenever officers suspected blight violations even though the vehicles were legally parked on residential public streets, even when the seizure took place subsequent to the suspected blight violation and even though the vehicle was properly registered and had valid plates.

14. The community caretaking function did not apply to Defendant Woods' warrantless seizure and no other warrant exception applied.

15. Plaintiff's legally parked car presented no ongoing threat of injury or ongoing harm to the community.

16. Plaintiff's legally parked work van did not jeopardize the efficient movement of vehicular traffic.

17. The ordinance under which Plaintiff's van was seized, Sec. 22-1-32(a) provides in part: "*Impoundment and procedure for release of a vehicle*. A police officer may impound a vehicle that is operated in the commission of a

violation of this chapter. Upon impoundment, the vehicle is subject to a lien, subordinate to a prior lien of record, in the amount of any fine, costs, and damages that the violator may be ordered to pay under this chapter."

18. The City of Detroit's ordinance governing impoundment of vehicles for blight violations, Sec. 42-1-42 is unconstitutional as it allows seizure of vehicles without process or probable cause and without a warrant or constitutionally recognized warrant exception, at any time, including long after the alleged blight civil infraction occurred.

19. The ordinance does not require that the police officer have probable cause to believe that the impounded vehicle was operated in the commission of a blight violation, require any other objective level of suspicion or require any temporal proximity between the alleged blight violation and the seizure.

20. Based on the language of the ordinance, a police officer could seize a vehicle at any time if the officer had a mere "hunch" or had uncorroborated information from an anonymous informant that the impounded vehicle was operated in the commission of a blight violation, even if the suspected violation occurred in the distant past.

21. Thus, the ordinance gives police officers virtually unbridled discretion to enforce the ordinance and seize automobiles.

22. Further, the ordinance does not require that a seizure of a vehicle without process be done pursuant to a warrant or other court order.

23. Statutory authorization does not determine the constitutional reasonableness of a seizure; federal law, not state law, governs the warrant requirements for seizures of automobiles.

24. Automobiles are "effects" for the purposes of the Fourth Amendment.

25. The seizure of automobiles thus requires a warrant or warrant exception.

26. Furthermore, impounded vehicles are not subject to forfeiture for blight violations, but instead the impounded vehicles are subject to a lien in the amount of any fines, cost and damages for the blight violation.

27. The City of Detroit could obtain a lien on any vehicle used in the commission of a blight violation by filing a lien on the vehicle's title with the Michigan Secretary of State without seizing the vehicle.

28. There was no immediate governmental need to impound Plaintiff's vehicle three days after the alleged blight violation, and Defendant Woods had ample time to obtain a warrant.

29. On May 25, 2021, Defendant Jana Greeno issued Plaintiff a blight ticket for placing a couch in an empty lot in the City of Detroit.

30. Blight violations are civil infractions and not crimes, Sec. 42-1-1, *et. seq.*

31. The ticket indicated that the fine was $800 plus a fee of $30, further indicated that Plaintiff could pay the fine before the court date along with instructions as to how to pay the fine and indicated that Plaintiff's first court date for contesting the charges and impoundment was not until August 18, 2021, nearly two months from the date Plaintiff's work van was seized.

32. There is no provision in the ordinance scheme to obtain an earlier show cause hearing or earlier review of the legality of the seizure.

33. Plaintiff was thus denied the constitutionally guaranteed prompt hearing regarding the impoundment of his vehicle.

34. It is the policy of Defendant City of Detroit to set blight hearings several weeks or even months from the date of the alleged blight violation even when a person's vehicle has been seized.

35. In fact, the blight ordinance specifically provides that "hearings shall not be scheduled earlier than 14 days after the service of the blight violation notice on the violator". Sec. 3-2-24(4).

36. The denial of a prompt hearing was done not because of a random and unauthorized act of state officials, but because of an established state

procedure that coerced Plaintiff and similarly situated individuals to forego their right to a hearing and pay blight fees and fines in order to regain possession of their vehicles before the belated hearing date.

37. Because he needed his work van for his livelihood, Plaintiff was coerced into paying the fees and fines without a hearing because he could not wait nearly two months for a hearing while deprived of his work van.

38. Plaintiff paid the fees and fines to regain possession of his vehicle.

39. Plaintiff was also forced to pay towing and storage costs of several hundred dollars.

## CLASS ALLEGATIONS

40. Plaintiff brings this class action under Rules 23(a), 23(b)(1), 23(b)(2), 23(b)(3) and/or 23(c) of the Federal Rules of Civil Procedure on behalf of a class consisting of Plaintiff and all other persons who have had their vehicles wrongfully seized without a warrant for alleged blight violations that occurred before the seizure pursuant to Defendant City of Detroit's unconstitutional ordinance and who were subsequently coerced into paying the fees and fines to recover their vehicles before their hearing dates, which were not scheduled promptly.

41. The class is so numerous that joinder of all members is impracticable as there are potentially hundreds of plaintiffs.

42. Plaintiff's claims are typical of the claims of the other members of the Class, as Plaintiff and other members of the Class were injured by having their vehicles wrongfully seized without a warrant for alleged blight violations pursuant to Defendant City of Detroit's unconstitutional ordinance and who were subsequently coerced into forgoing their right to a hearing and paying the blight fees and fines in order to recover their vehicles before their hearing dates, which were not scheduled promptly.

43. Defendants acted wrongfully in the same basic manner to the entire class.

44. Plaintiff will fairly and adequately represent the interests of the Class and has retained competent and experienced counsel.

45. Plaintiff has no interests that are contrary to or in conflict with those of the class.

## COUNT I: FOURTH AMENDMENT ILLEGAL SEIZURE

46. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

47. The actions and/or omissions of Defendants Woods, Greeno and City of Detroit as described above constitute unreasonable warrantless seizure in violation of the Fourth Amendment to the United States Constitution.

48. The right to be free from warrantless seizures when no warrant exception existed was clearly established at the time of the constitutional violations, and any reasonable police officer should have been aware of Plaintiff's rights and should have recognized his actions violated said rights.

### COUNT II: FOURTEENTH AMENDMENT PROCEDURAL DUE PROCESS VIOLATION

49. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

50. The actions and/or omissions of Defendants Woods and Greeno as described above constitute violation of due process under the Fourteenth Amendment to the United States Constitution.

51. The due process violation resulted from of an established state procedure and not the random and unauthorized acts of state officials.

52. The right to a constitutionally prompt hearing following the impoundment of a vehicle was clearly established at the time of the constitutional violations,

and any reasonable police officer should have been aware of Plaintiff's rights and should have recognized his actions violated said rights.

### COUNT III: MONELL LIABILITY
*(As to Defendant City of Detroit)*

53. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

54. At the time of Plaintiff's unlawful seizure, Defendant City of Detroit, through its Police Department, had a policy, practice and/ or custom of allowing the warrantless seizure of vehicles without a warrant exception and had a policy, practice and/ or custom of depriving persons whose vehicles were seized of their constitutionally guaranteed right to a prompt hearing after said seizures.

55. These unconstitutional policies, practices and/or customs were a driving force behind the constitutional violations suffered by Plaintiff and other similarly situated individuals.

### COUNT IV: DECLARATORY RELIEF
*(As to Defendant City of Detroit)*

56. Defendant City of Detroit's blight ordinance scheme is unconstitutional on its face as it allows for seizure of automobiles without process, without a warrant or warrant exception and without probable cause or any other

objective level of suspicion (Sec. 42-1-42(a)), and not only fails to provide for the constitutionally guaranteed prompt hearing required when an automobile is seized, but instead mandates that a prompt hearing cannot be scheduled, Sec. 3-2-24(4).

## **DAMAGES**

57. As a direct and proximate result of the unconstitutional and unlawful actions of the individual and official Defendants as set forth above, Plaintiff and those similarly situated were caused the following economic and noneconomic injuries and damages, past and future, including but not limited to: mental anguish, mental and emotional distress and the deprivation of their vehicles and money.

58. As a result of the Defendants' reprehensible, wanton, oppressive unconstitutional and unlawful actions and/or omissions, Plaintiff is entitled to recover punitive damages.

59. Plaintiff is also entitled to recover reasonable costs and attorney's fees under 42 USC § 1988.

WHEREFORE, Plaintiff, individually and on behalf of similarly situated individuals, respectfully requests that the Court enter judgment for damages against each Defendant, jointly and severally, in whatever amount a jury shall determine is reasonable, fair and just, plus interest, costs and attorney's fees, that the Court issue a declaratory judgment that the City of Detroit Ordinance Sec. 22-1-32 is unconstitutional and that the Court issue an order certifying this action as a class action pursuant to Fed. R. Civ. P. 23, and appoint Eric Versen as class representative and appoint Ernst Charara & Lovell as class counsel.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues allowed by law.

Respectfully submitted,

ERNST CHARARA & LOVELL, PLC

/s/ Kevin Ernst
Kevin Ernst P44223
Stephen Lovell P80921
kevin@ecllawfirm.com
stephen@ecllawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2021 I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system which will send notification of such filing to the above listed attorneys of record and by certified mail to Defendants.

/s/ *Deanna Denby*