UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC VERSEN,
individually, and on behalf
of similarly situated persons,

        Plaintiff,                                     Case No. 21-cv-11545

v.                                               HON. MARK A. GOLDSMITH

CITY OF DETROIT,

        Defendant.
_____/

**OPINION & ORDER**
**GRANTING PLAINTIFF'S MOTION IN LIMINE (Dkt. 103)**

This matter is before the Court on Plaintiff Eric Versen's motion in limine to bar evidence and argument related to the City's liability for violating Versen's due process rights and Versen's liability for illegally dumping or littering (Dkt. 103).[1] The Court held a hearing addressing Plaintiff's motion, as well as other issues, on April 10, 2024. For the reasons that follow, the Court grants Versen's motion in its entirety.

### I.  ANALYSIS

Versen moves to preclude the City from introducing evidence or argument relating to (i) whether the City is liable for violating Versen's due process rights, (ii) whether Versen committed a blight, and (iii) whether Versen's damages were caused by illegal dumping. Versen contends that proofs touching on these topics are not relevant and are, therefore, inadmissible.

---

[1] In addition to the Versen's motion, the briefing includes the City's response (Dkt. 107) and Versen's reply (Dkt. 110).

Federal Rule of Evidence 401 provides that evidence is relevant if it has any tendency to make a fact of consequence more or less probable than it would be without that evidence. With this standard in mind, the Court proceeds by assessing the relevance of each of the topics identified in Versen's motion.

**A. The City's Liability for Violating Versen's Due Process Rights**

Versen argues that the Court has determined that the City is liable for violating Versen's procedural due process rights, and therefore, that any evidence or argument concerning the City's liability is irrelevant. Mot. at 2.

The Court agrees with Versen. As the Court's prior orders have made clear, the City has been found liable for violating Versen's procedural due process rights under the Fourteenth Amendment, and the only issue left for trial is the determination of damages. See 6/23/23 Op. & Order at 12 (Dkt. 63) (finding that Versen is entitled to summary judgement on his procedural due process claim against the City); 8/8/23 Op. & Order at 12 (Dkt. 74) (certifying a class, for purposes of liability only, of persons who had their vehicles seized without a prior hearing and without a timely post-seizure hearing); 4/5/24 Op. & Order at 2–3 (Dkt. 108) (explaining that this case is set for trial to determine the scope of class members' damages stemming from the due process violation). Evidence or argument regarding whether the City violated Versen's procedural due process rights has no bearing on the extent to which Versen and other class members suffered damages resulting from the violation of their procedural due process rights.

Because evidence or argument related to the City's liability is irrelevant to determining Versen's damages stemming from the violation of his due process rights, such evidence is inadmissible and will be excluded at trial.

### B. Evidence or Argument that Versen Blighted or Littered

Versen argues that the City should be precluded from introducing evidence or argument that Versen blighted or littered. Mot. at 3. Versen contends that whether he blighted or littered is "wholly irrelevant to determining the extent of his damages." Id. The City disagrees. It argues that such evidence and argument should be permitted because the class members "are in fact guilty of dumping, [and] even if the hearing had been held the next day, they would have had their vehicle towed and impounded and, thus, incurred the expense for same." Resp. at 2.

The Court has already rejected another version of the City's argument regarding Versen's standing to assert a procedural due process violation:

> [T]he Court is satisfied that Versen has standing to assert his due process claim. Although Versen paid the fees and fines to regain possession of his vehicle, he asserts that he did so to avoid going without his vehicle for the approximately three-month period before his first opportunity to contest the blight violation. As noted above, by forcing Versen to choose between accepting liability and enduring a lengthy period with no access to his vehicle absent payment of the bond, the City deprived him of an adequate opportunity to be heard and meet the case against him. Further, whether Versen would have ultimately prevailed on the merits of the alleged blight violation has no bearing on whether he has suffered a deprivation of his procedural due process rights under the Fourteenth Amendment. Versen has standing to assert his Fourteenth Amendment Claim.

6/23/23 Op. & Order at 12 n.7 (punctuation modified, emphasis added). This reasoning applies equally to the City's damages argument here. Whether Versen or other class members in fact violated the City's blight ordinance is not relevant to the extent to which they suffered damages resulting from the deprivation of an adequate opportunity to contest the blight violations alleged against them. The Court will not permit the City to present evidence or argument related to whether Versen or other class members were guilty of violating the ordinance.

### C. Evidence or Argument that Versen's Damages Were Caused by Illegal Dumping

Versen also argues that the City should be precluded from introducing evidence or argument that the damages Versen suffered were "caused by dumping rather than the due process violation." Mot. at 5. The Court agrees. Just as evidence or argument that Versen was guilty of blight or littering are irrelevant to determining the extent of damages stemming from the violation of Versen's due process rights, evidence or argument that Versen's damages were caused by dumping are irrelevant.[2]

In sum, the Court agrees with Versen that evidence or argument related to the City's liability for violating Versen's due process rights and Versen's liability for illegally dumping or littering are not relevant to determining the extent of Versen's damages stemming from the violation of his due process rights. The Court grants Versen's motion.

### II. CONCLUSION

For the reasons set forth above, the Court grants Versen's motion in limine (Dkt. 103).

SO ORDERED.

Dated: April 29, 2024　　　　　　　　　　　　s/Mark A. Goldsmith
　　　　Detroit, Michigan　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[2] The City cursorily asserts that this Court's January 26, 2024 opinion and order denying the City's motion for reconsideration of the Court's order certifying a class stated that Versen "must prove that the damages are from lack of due process rather then [sic] the illegal act of dumping." Resp. at 3 (citing 1/26/24 Op. & Order at 6 (Dkt. 92)). The City's argument is without merit. The portion of the Court's opinion upon which the City attempts to rely discusses—and rejects—the City's argument that certification was not proper in this case because some class members' vehicles were impounded pursuant to the City's blight ordinance and others pursuant to Mich. Comp. L. § 324.8905. Nothing in that opinion supports the City's instant contention that Versen must prove that the damages are not from "the illegal act of dumping." Resp. at 3.